# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BMW BANK OF NORTH AMERICA, a Utah industrial bank, by and through its servicer, BMW FINANCIAL SERVICES NA, LLC, a Delaware limited liability company,<br><br>            Plaintiff,<br><br>   v.<br><br>DUSHAWN JOHNSON, et al.,<br><br>            Defendants.<br>_____/ | CASE NO. 1:11-cv-00295-LJO-SMS<br><br>ORDER DISMISSING CASE AND REMANDING TO STATE COURT<br><br>(Doc. 4) |

    Plaintiff BMW Bank of North America, by its counsel Caley & Associates, moves to remand this replevin case to California Superior Court, Tulare County. Defendant DuShawn Johnson, who removed the case to federal court on February 18, 2011, has not responded to the motion. Upon review of the record and applicable law, this Court concludes that it lacks jurisdiction and remands the case to state court.

**I.    Procedural and Factual Background**

    On or about March 30, 2008, Johnson executed a written retail installment sales contract to purchase a 2006 BMW 750Li automobile (Serial No. WBAHN83536DT39389) for the total sum of $69,792.00. Beginning on or about May 29, 2009, Johnson defaulted by failing to make the payments due under the contract.

    On April 7, 2010, Johnson filed a voluntary Chapter 7 petition in bankruptcy (Case No. 10-13672), in which he stated his intent to surrender the car. Johnson never surrendered the car.

1

On September 9, 2010, Johnson's attorney sent a letter to BMW's attorney, acknowledging possession of the car and refusing to surrender the car without a court order. On October 20, 2010, Johnson filed a complaint against BMW, among others, in California Superior Court, Tulare County. On October 29, 2010, unaware of Johnson's complaint, BMW filed a complaint and writ of possession action in California Superior Court, Tulare County, claiming $27,200.00, the wholesale value of the car. After becoming aware of Johnson's action, BMW file a notice of related cases on November 15, 2010, prompting the state court to begin the process of consolidating the cases.

The writ of possession hearing was scheduled for February 24, 2011. On February 22, 2011, Johnson filed a notice of removal to federal district court. BMW moved for remand on March 18, 2011.

## II. Legal Basis for Remand

Arguing that Johnson removed the case in bad faith for the sole purpose of delay, BMW contends (1) that, as a citizen of California, Johnson cannot claim diversity and remove the case from California Superior Court to federal district court, and (2) that the amount in controversy does not meet the jurisdictional requirement. Because this Court finds that Johnson cannot claim diversity in removing this action from California state court and failed to establish that the amount in controversy exceeds the jurisdictional amount, it need not discuss Johnson's apparent motivation in attempting to remove this case from state to federal court.

### A. Removal by California Defendant

A federal district court has jurisdiction over a civil action where the matter in controversy is between citizens of different states. 28 U.S.C. § 1332 (a)(1). Nonetheless, a civil action may be removed from state to federal court based on diversity "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441 (b). "This 'forum defendant' rule 'reflects the belief that [federal] diversity jurisdiction is unnecessary because there is less reason to fear state court prejudice against the defendants if one or more of them is from the forum state.'" *Spencer v. U.S. District Court for the Northern District of California*, 393 F.3d 867, 870 (9th Cir. 2004), *quoting* Erwin

Chemerinsky, *Federal Jurisdiction* § 5.5 at 345 (4th ed. 2003). Because Johnson is a California citizen, removal of this case from state to federal court is barred.

### B.  Amount in Controversy

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest or costs." 28 U.S.C. § 1332 (a). Johnson's removal petition contends generally that " the matter in controversy potentially exceeds the minimum jurisdiction of this court, exclusive of interest and costs" (Doc.1 at 2). Because it seeks only return of the car or its fair market value of $27,200, as well as attorneys' fees, and exemplary and punitive damages, BMW argues that the amount in controversy is well below $75,000.

When a plaintiff moves to remand to state court a complaint alleging damages less than the jurisdictional threshold but not specified, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). Because Johnson does no more than assert that the case meets the amount-in-controversy requirement, he has not met his burden.

### III.  Conclusion and Order

Because Johnson is a California citizen, his removal of this case to federal district court is barred for lack of diversity. Lacking subject matter jurisdiction over this action, this Court must dismiss it and remand it to the California Superior Court, Tulare County.

Accordingly, this Court hereby ORDERS:

1. This matter is remanded to the Tulare County Superior Court; and
2. The Court Clerk is directed to serve a copy of this order on the Tulare County Superior Court and to serve the parties in the customary manner.

IT IS SO ORDERED.

**Dated:   April 27, 2011**                    /s/ Lawrence J. O'Neill
                                                                UNITED STATES DISTRICT JUDGE